T.C. Memo. 1999-136


UNITED STATES TAX COURT


AFFILIATED FOODS, INC., A CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 25703-93.                    Filed April 22, 1999.


William A. Hoy, for petitioner.

George E. Gasper, for respondent.

---

[*]This opinion is on remand of Affiliated Foods, Inc. v. Commissioner, 154 F.3d 527 (5th Cir. 1998), affg. in part, revg. in part and remanding T.C. Memo. 1996-505.

SUPPLEMENTAL MEMORANDUM OPINION

PARR, <u>Judge</u>:  The dispute herein involves the Rule 155[1]
computation on remand from the opinion of the Court of Appeals
for the Fifth Circuit.  On January 19, 1999, respondent filed a
computation for entry of decision for petitioner's tax years
ended September 30, 1989 and 1990.  On February 1, 1999,
petitioner filed an amended computation for 1989 and 1990 that
differs from respondent's computation.

The findings of fact are set forth in our previous opinion,
<u>Affiliated Foods, Inc. v. Commissioner</u>, T.C. Memo. 1996-505,
affd. in part, revd. in part and remanded 154 F.3d 527 (5th Cir.
1998), and are incorporated herein by this reference.  We repeat
only those facts necessary to an understanding of the instant
issues.

Petitioner is a wholesale food purchasing cooperative that
supplies food and other consumer products to retail grocery
stores owned by its shareholders (member stores).  Petitioner
also conducts a small amount of business with stores not owned by
shareholders.

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the taxable years in issue, unless
otherwise indicated.

Member stores purchase food and other consumer products from petitioner. Petitioner purchases these goods from manufacturers and suppliers. Petitioner purchases directly from sales representatives of some manufacturers, and it purchases other manufacturers' products from independent brokers. Brokers typically represent a variety of manufacturers or distributors. Unless otherwise specified, we use the term "vendor" to refer to manufacturers' sales representatives and brokers.

During the years at issue, manufacturers provided vendors with promotional funds. These promotional funds were to be used by the vendors to increase retail sales. Many vendors deposited their promotional funds with petitioner. In our original opinion, we concluded that these funds deposited with petitioner were properly taxable to petitioner. See Affiliated Foods, Inc. v. Commissioner, supra. The Court of Appeals for the Fifth Circuit reasoned that, under the circumstances of this case, the promotional account funds were not taxable to petitioner. See Affiliated Foods, Inc. v. Commissioner, 154 F.3d at 533.

Petitioner also conducted annual food shows. Representatives of member stores would attend these shows and place orders for various products from the vendors. Each vendor entered into an agreement with petitioner governing the vendor's participation in the food shows. One of the conditions of participation was that the vendor would offer approved special

promotions, allowances, and/or special buys on products, with the condition that all offers must be a "real show special". Generally, the product promotional allowance was paid in cash at the food show when the order was placed. In our original opinion, we held that the amount of currency distributed by the vendors to the member stores at the food shows was taxable to petitioner.[2] See Affiliated Foods, Inc. v. Commissioner, T.C. Memo. 1996-505. The Court of Appeals for the Fifth Circuit affirmed our reasoning on this issue and stated that these cash rebates distributed at the food shows were properly characterized as disguised patronage dividends. See Affiliated Foods, Inc. v. Commissioner, 154 F.3d at 533.

One of the sources for the cash used by the vendors to make payments at the food shows was the funds deposited with petitioner in the promotional accounts. In the present Rule 155 computation, respondent seeks to include in petitioner's taxable income the funds withdrawn from the promotional accounts and distributed at the food shows by the vendors. Petitioner maintains that this inclusion is inconsistent with the decision of the Court of Appeals for the Fifth Circuit that the funds held

---

[2]With appropriate substantiation, petitioner could have deducted these amounts after reporting them as income. See sec. 1382(a) and (b). Petitioner, however, destroyed all documentation regarding the cash rebates distributed at the food shows, except for those involving Western Family Foods, Inc.

in the promotional accounts are not the income or property of petitioner.

We agree with respondent. Petitioner's analysis recognizes that the funds in the promotional accounts expended for advertising are not taxable to petitioner; however, it fails to take into account that the food show rebates are. The Court of Appeals for the Fifth Circuit recognized that some of the food show rebates came from the promotional accounts when it stated "Vendors * * * use the funds in their promotional accounts as a means of supplying Vendor representatives with the necessary rebate cash." See Affiliated Foods, Inc. v. Commissioner, 154 F.3d at 529. Accordingly, the funds withdrawn from the promotional accounts and distributed at the food shows are taxable to petitioner.

In addition, petitioner received $60,000 and $100,000 from Western Family Foods, Inc., for distribution at the food shows in 1989 and 1990, respectively. At trial, petitioner acknowledged that these funds constituted income to petitioner at the time of receipt. Petitioner was able to substantiate that $35,616 and $82,958 of these funds were distributed to member stores at the food shows in 1989 and 1990, respectively. Thus, we held that petitioner was entitled to deductions in these amounts. In the original Rule 155 computation, petitioner's income was increased by the difference between the amount of the funds given to

petitioner by Western Family Foods, Inc. for use at the food shows and the amount of such funds actually distributed at the food shows.  Thus, petitioner's taxable income was increased by $24,384 for 1989 and $17,042 for 1990, respectively.

It was discovered later that petitioner had, in fact, already reported these amounts.  The original Rule 155 computation results in a double inclusion of these amounts in income.  Accordingly, petitioner's income should be reduced by $24,384 and $17,042 for 1989 and 1990, respectively.

For the foregoing reasons,

Decision will be entered
under Rule 155.